**Warren David ROSE, Jr., Petitioner—Appellant,**

v.

**Stephen MAYBERG, Director, California Department of Mental Health, Respondent—Appellee.**

**No. 05–16881.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2006.

Decided July 18, 2006.

Before: HUG and O'SCANNLAIN, Circuit Judges, and MILLER,* District Judge.

## MEMORANDUM **

Warren Rose appeals from the district court's denial of his petition for a writ of habeas corpus. The facts and prior proceedings are known to the parties and are repeated herein only as necessary. Rose contends that he is entitled to habeas relief for three reasons. First, in a concurrently filed opinion, we deal with Rose's contention that the state court application of *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), and *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), was objectively unreasonable; this issue has been resolved there. *See Rose v. Mayberg*, 454 F.3d 958 (9th Cir.2006).

Second, Rose contends that the 2001 Sexually Violent Predator Act ("SVPA"), CAL. WELF. & INST.CODE § 6600 *et seq*, proceedings should have been barred by res judicata and collateral estoppel. We are not persuaded. Even assuming that there is a "clearly established federal law," the application of such law would not be objectively unreasonable here. *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In Rose's second commitment proceeding, the jury heard new evidence showing that Rose (1) may have had contact with a minor, (2) gave false information to his parole officer, and (3) failed to maintain a logbook. Further, doctors Craig Updegrove and Dana Putnam both noted the parole violations in their testimony. Therefore, we conclude that it was not objectively unreasonable for the state

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

courts to rely on this evidence as the basis for concluding that res judicata and collateral estoppel did not bar the proceedings. Further, Rose's claim fails because he cannot point to a Supreme Court decision finding a constitutional right to res judicata or collateral estoppel. 28 U.S.C. § 2254(a).

■ Third, citing *Turner v. Superior Court of San Diego,* 105 Cal.App.4th 1046, 130 Cal.Rptr.2d 300 (2003), Rose contends that the application of § 2254 where there is state law, but not clearly established federal law, renders § 2254 unconstitutional as it applies to him. Again, we are not persuaded. *Turner* does not help Rose here, given that there was new evidence presented. Further, the Supreme Court has established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

**AFFIRMED.**